## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

| | |
|---|---|
| CINDY REYES<br>418 S Highland Ave,<br>McHenry, IL 60051<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>DENTAL TOWN LTD<br>3020 S Cicero Ave,<br>Cicero, IL 60804<br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Cindy Reyes ("Ms. Reyes" or "Plaintiff"), by and through her attorneys, files this action and alleges as follows:

## NATURE OF ACTION

1. This is an action against Dental Town LTD ("Dental Town" or "Defendant") for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for retaliation under 29 U.S.C. § 215(a)(3) and for violations of the Emergency Paid Sick Leave Act ("EPSLA") under the Families First Coronavirus Response Act ("FFCRA"), Pub. L. No. 116-127, 134 Stat. 178 (2020).

## JURISDICTION AND VENUE

2. All of the allegations contained in the foregoing paragraphs of this complaint are incorporated by reference herein as if the same were set forth at length.

3. This Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and to 29 USC §216(b).

4. This Court may properly maintain personal jurisdiction over Defendant because Defendant is an Illinois Corporation, with office and place of business located in Cook County, Illinois.

5. Venue is proper in the Northern District of Illinois, because all of the events giving rise to these claims occurred in Cook County, Illinois.

## PARTIES

6. At all times material hereto, the Plaintiff was/is domiciled in Chicago, Illinois.

7. At all times material hereto, Plaintiff was an employee of the Defendant, within the meaning of the FLSA and thus an "employee" under the meaning of the EPSLA of the FFCRA.

8. At all times material hereto, Defendant is an Illinois corporation doing business in this judicial district, was the former employer of Plaintiff, and is an employer as defined by the EPSLA and the FFCRA.

## FACTS

9. All of the allegations contained in Paragraphs 6-8 of this Complaint are incorporated by reference herein as if the same were set forth at length.

10. Ms. Reyes was hired by Dental Town LTD on or about June 16, 2017.

11. Ms. Reyes worked for Dental Town as a filing clerk.

12. During Ms. Reyes' employment, she was a satisfactory employee.

13. On or around Nov. 10, 2020, Ms. Reyes' significant other began experiencing symptoms of COVID-19 and got tested shortly thereafter.

14. On Nov. 12, 2020 Ms. Reyes worked her last day as a file clerk for Dental Town before going into quarantine due to her exposure to her partner.

15. On November 16, 2020, Ms. Reyes' partner received his test results, which were positive for COVID-19.

16. On November 16, 2020**,** Ms. Reyes informed her employer that she had possibly been exposed to COVID-19 and that she needed to take leave subject to a quarantine order.

17. On November 16, 2020, Ms. Reyes herself was exhibiting symptoms of COVID-19.

18. On November 18, 2020, Ms. Reyes was tested for COVID-19 by the Lawndale Christian Health Center.

19. Dr. Rowell of the Lawndale Christian Health Center instructed Ms. Reyes to stay at home from work until all of the following three conditions were met: that it had been at least ten days since the onset of symptoms, that the patient had no fever for twenty-four hours without use of antipyretic (anti-fever) medication, and other symptoms such as cough, shortness of breath, vomiting, diarrhea, etc. are all improving.

20. Dr. Rowell instructed Ms. Reyes that she would get test results within five days, and that, due to a concern for false-negative tests, his order for her to stay home would not change regardless if her test results were positive or negative.

21. Over the next few days, Ms. Reyes' symptoms worsened.

22. On Nov. 22, 2020, Ms. Reyes was admitted to the intensive care unit ("ICU") at Rush University Medical Center.

23. The next day, Ms. Reyes' daughter called Bianca Soto, office manager to advise her that her mother had been hospitalized for COVID.

24. Ms. Reyes remained an inpatient in the ICU at Rush University Medical Center until November 28, 2020.

25. At some point between Nov. 22 and Dec. 1, Ms. Reyes heard from another Dental Town Employee that Dental Town had circulated an email stating that Ms. Reyes was no longer employed with Dental Town.

26. Ms. Reyes was released from Rush University Medical Center on Dec. 1, 2020.

27. Rush University Medical Center discharged Ms. Reyes with instructions to self-isolate at home for twenty more days.

28. After Dec. 1, 2020, Ms. Reyes tried to inquire with Dental Town about her termination, but received no response.

29. Ms. Reyes has since contacted the Human Resources Department of Dental Town to ask about benefits and pension.

30. Ms. Reyes has received no response from Dental Town since Jan. 7, 2021.

## COUNT I – FLSA – UNPAID WAGES

31. An employer who fails to provide paid sick leave under the EPSLA is considered to have violated the minimum wage requirements of the FLSA, 29 U.S.C. 206. 29 CFR 150(b)(1) (Apr. 10, 2020).

32. Dental Town failed to provide paid leave, as mandated under the EPSLA, for the time that Ms. Reyes was unable to work because she was subject to a quarantine order.

33. Dental Town failed to provide paid leave, as mandated under the EPSLA, for the time that Ms. Reyes was unable to work because she had COVID symptoms and was seeking a diagnosis.

34. Defendant's actions were willful and showed reckless disregard for the provisions of the FLSA and the EPSLA.

35. As the direct and proximate result of Defendant's unlawful conduct, Ms. Reyes has suffered pecuniary losses, lost wages and benefits, unwillingly forfeited economic opportunities, and emotional pain and suffering.

## COUNT II – FLSA – WRONGFUL TERMINATION

36. An employer who terminates an employee for taking leave under the EPSLA is considered in violation of section 15(a)(3) of the FLSA, 29 U.S.C. 215(a)(3). Pub. L. No. 116-127, 134 Stat. 178, §5101(b)(1).

37. Ms. Reyes' request for leave under the EPSLA constitutes protected activity.

38. Defendant was aware of Ms. Reyes' protected activity.

39. By terminating Ms. Reyes' employment, Defendant retaliated against Plaintiff for engaging in protected activity under the EPSLA and the FLSA.

40. The foregoing conduct, as alleged, constitutes a willful violation of the EPSLA and the FLSA within the meaning of 29 U.S.C. § 255(a).

41. As the direct and proximate result of Defendant's unlawful conduct Ms. Reyes has suffered pecuniary losses, lost wages and benefits, unwillingly forfeited economic opportunities, and emotional pain and suffering.

## PRAYER FOR RELIEF

Plaintiff respectfully requests this Court grant the following relief:

A. Entry of judgment in favor of Plaintiff against Defendant;

B. Back pay;

C. Compensatory damages pursuant to the FLSA and FFCRA;

D. Punitive damages;

E. Pre- and post-judgment interest as may be allowed by law;

F. Attorney's fees and costs; and

G. All other equitable and legal relief to which Plaintiff is entitled.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: November 18, 2021

                                                  Respectfully submitted,

                                                  /s/Denise M. Clark
                                                  Denise M. Clark, Esq. (6196006)
                                                  Clark Law Group, PLLC
                                                  1100 Connecticut Ave., N.W., Suite 920
                                                  Washington, D.C. 20036
                                                  (202) 293-0015
                                                  dmclark@benefitcounsel.com